IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL STEVENS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.<br><br>Defendants. | No. C 09-03116 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Defendants have filed motions to dismiss for lack of standing and for failure to state a claim upon which relief can be granted. Plaintiff opposes the motions. This matter is currently set for hearing on **January 22, 2010**. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES defendant's motion to dismiss for lack of standing, but GRANTS the motions to dismiss for failure to state a claim upon which relief can be granted.

**BACKGROUND**

Plaintiff filed an initial complaint against defendants on July 9, 2009. Defendants responded by filing separate motions to dismiss on September 10, 2009. Rather than respond to the motions to dismiss, plaintiff filed a First Amended Complaint ("FAC") on October 8th, 2009. Defendants then withdrew their original motions and subsequently filed separate motions to dismiss the FAC.

The following factual allegations are drawn from the FAC. Plaintiff Randall Stevens obtained a loan from Washington Mutual for property located in Loma Linda, CA. FAC ¶ 17. That loan was subsequently purchased by defendants JPMorgan Chase Bank and JPMorgan Chase & Co. *Id.* On April 8, 2009, plaintiff contacted "JPMorgan Chase" to inquire about the possibility of receiving a loan modification. *Id.* Plaintiff spoke on the phone with Christopher M. Raftery, alleged by plaintiff to be an employee of JPMorgan Chase & Co. *Id.* This contention is based on the signature block of Mr. Raftery's e-mail account, which contained the name "JPMorgan Chase and Co." FAC ¶ 18. Defendants contend that Mr. Raftery was actually an employee of JPMorgan Chase Bank.

Mr. Raftery allegedly informed plaintiff "that it was likely he could [obtain a loan modification], but it would be necessary to pay $750 to reimburse defendants for the cost of an appraisal, title search, and processing of the paperwork." FAC ¶ 17. Plaintiff was also allegedly informed that because he "had good credit, the only obstacle in qualifying for the home loan modification would be if the appraisal of the home came in too low." *Id.* Mr. Raftery also told plaintiff that "JPMorgan Chase's information showed plaintiff's home to be worth enough to qualify, and that defendants' information was 'pretty accurate,' so plaintiff should not worry." *Id.* Plaintiff then paid the $750 fee. *Id.*

Defendants sent an appraiser to examine plaintiff's Loma Linda, CA property on April 10, 2009. FAC ¶ 19. The appraised value was substantially less than the amount of the loan. *Id.* More than one month later, plaintiff inquired about the status of the loan modification, and was told by defendants that he did not qualify. FAC ¶ 20. Plaintiff requested a refund of the $750 fee, which defendants denied. *Id.*

Plaintiff then instituted this action, seeking injunctive relief, restitution and "disgorgement of all profits gained from the up-front fees" collected from unsuccessful applicants to the loan modification program. FAC ¶ 3. Presently before the Court are defendants' motion to dismiss for lack of standing, and motion to dismiss for failure to state a claim upon which relief can be granted.

2

**LEGAL STANDARDS**

**I.   Standing**

The constitutional standing requirement is derived from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The three requirements for constitutional standing are: 1) injury in fact to a legally protected interest that is both concrete and particularized and actual and imminent, as opposed to conjectural or hypothetical; 2) "a causal connection between the injury and the conduct complained of"; and 3) a showing that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992). If plaintiffs fail to demonstrate any of these three requirements, then they lack standing to bring the claims.

"Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir 2003). When a party submits affidavits in support of a motion to dismiss for lack of subject matter jurisdiction, the motion is a factual motion, and the other party must furnish factual evidence to meet its burden to establish subject matter jurisdiction. *Id.*

**II.   12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 555. Plaintiff must allege

facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     Standing**

Defendant JPMorgan Chase & Co. seeks dismissal of this suit on the ground that plaintiff lacks standing. Defendant's motion is based on its contention that Mr. Raftery is not an employee of JPMorgan Chase & Co, and instead works for JPMorgan Chase Bank. Defendant is correct in pointing out that the case or controversy requirement mandates that "a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Each party gives very different accounts of the employment status of Mr. Raftery, however, making a determination of the issue at this stage of proceedings problematic.

Defendant Chase & Co. argues that it is a holding company that "does not originate, hold and/or own, or service mortgage loans," and therefore has no contact with customers regarding loan modifications. Defendant provided the court with an affidavit from Thomas E. Reardon, the Assistant

4

Vice President for JPMorgan Chase Bank, along with a form 10-K verifying the above proposition. Furthermore, Mr. Reardon stated that "Christopher Raftery is an employee of Chase [Bank] and was an employee . . . during his communications with Plaintiff Stevens." Chase & Co. then argues that since Mr. Raftery was not even an employee of Chase & Co., there is no way that his conduct could be traced back to that company. Following the same line of reasoning, defendants also argues that because Chase & Co. had no relationship with Mr. Raftery, awarding judgment against it would fail to redress plaintiff's claim against Chase Bank. *Lujan*, 504 U.S. at 561.

Plaintiff makes a substantially different argument regarding the employment status of Mr. Raftery. The e-mail correspondence sent to Plaintiff from Mr. Raftery contained a signature block that "expressly indicates that he was an employee of Chase & Co." The question before the Court then is whether this email constitutes sufficient "factual evidence to meet [plaintiff's] burden to establish subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. Defendant argues that "Plaintiff submits no evidence in any way contradicting or disputing [Mr. Reardon's] affidavit." Chase & Co.'s Reply, Docket #38 at 2. Plaintiff has, however, submitted the only document in his possession that would tend to prove that Mr. Raftery was an employee of Chase & Co. Requiring Plaintiff to provide more without having the opportunity to question Mr. Raftery or engage in discovery is unnecessarily harsh at this stage in the proceedings. Although the e-mail correspondence falls well short of proving that Mr. Raftery was an employee of Chase & Co., it is sufficient to at least raise a question of the identity of his true employer.

There is virtually no difference in the position of plaintiff and defendant with respect to their legal interpretation of standing. The entire dispute turns on the question of the true identity of Mr. Raftery's employer. Plaintiff has set forth sufficient facts to allege standing, and the motion to dismiss for lack of standing is DENIED without prejudice to renewal on a more complete record.

*///*

5

## II. Motion to Dismiss for Failure to State a Claim

### A. California Business and Professions Code § 17200

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 83 Cal. Rptr. 2d 548 (Cal. 1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* (citation omitted). Plaintiff asserts that defendants acted in an "unlawful" manner by violating "each of the statutes set forth within [the] Complaint." FAC ¶ 33. The claims for violation of Cal. Bus. & Prof. Code § 17500 (false advertising), fraud, negligent misrepresentation and breach of the covenant of good faith and fair dealing are addressed in turn below. The "unfairness" prong of § 17200 of the UCL, however, calls for separate analysis.

The parties agree that a business practice is "unfair" when it "offends an established public policy or is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to consumers." *Kunert v. Mission Fin. Servs. Corp.*, 1 Cal. Rptr. 3d 589, 606-07 (Cal. Ct. App. 2003)(internal quotations marks and citation omitted). Plaintiff attempts to demonstrate unfairness by alleging that defendants were "taking advantage of vulnerable and desperate homeowners by charging unnecessary up-front loan modification fees that provide customers with nothing of value, thereby worsening their financial condition." FAC ¶ 34. The only specific conduct by defendants alleged in the FAC, however, comes from the phone call between Mr. Raftery and plaintiff. During the phone call, plaintiff was apparently subjected to a standardized sales pitch, and then told that approval of his loan modification was "likely" based on the information that was in front of Mr. Raftery at the time. From these facts, the court is unable to find that the fees were "unnecessary," or that plaintiff received "nothing of value." At the very least, Plaintiff received an appraisal of his property. There is simply not sufficient information in the FAC to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. Accordingly, plaintiff's "unfairness" claims under the

6

UCL are DISMISSED.

### B. California Business and Professions Code § 17500

Defendants move to dismiss plaintiff's second cause of action, which is brought under California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. "To state a cause of action under § 17500 . . . requires a showing that members of the public are likely to be deceived, but does not call for a showing of 'actual deception or confusion caused by misleading statements.'" *Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. Cal. 2005) (citing *Day v. AT & T Corp.*, 74 Cal.Rptr.2d 55, 59 (Cal. Ct. App. 1998)).

Plaintiff alleges that defendants engaged in false advertising by applying "misleading standardized practice and advertising" to "Plaintiff and the Class members." FAC ¶ 40. These misleading practices included "a standardized sales pitch on the telephone" and "uniform advertisements on websites and brochures." *Id.* Plaintiff adds that "such standardized practices and advertisements expressly or implicitly represented that customers had a substantial chance of qualifying for home loan modifications." *Id.* Throughout the FAC, however, plaintiff does not give any specific information regarding these alleged misleading advertisements. Such general claims are precisely the "labels and conclusions, and a formulaic recitation of the elements of a cause of action" that *Twombly* deems insufficient at the pleading stage. *Twombly*, 550 U.S. at 544.

Plaintiff also argues that his conversation with Mr. Raftery constituted false advertising, because he was told that approval was "likely" while in fact "Defendants approved a very small percentage of applications." Opposition to Chase Bank, N.A.'s Motion to Dismiss, Docket No. 35, at 13. This assertion is based on a Department of Treasury report which purportedly demonstrates "that JPMorgan had approved home loan modification for merely 20% of its loans." FAC ¶ 15. Even assuming that the report is accurate as characterized by Plaintiff, however, it does nothing to further the claim of false advertising. The fact that applicants nationwide were not usually successful at obtaining loan

7

modifications through JPMorgan is unrelated to the possible success of Plaintiff's individual application. Plaintiff knew that approval of the loan modification was conditioned on the appraisal of his property. FAC ¶ 17. Plaintiff does not allege that Mr. Raftery guaranteed approval, or that the fee would be refunded if Plaintiff received an unfavorable appraisal. Without such assurances, Plaintiff has failed to adequately allege "that the challenged advertising [was] false or misleading to a reasonable consumer." *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc.*, 133 Cal. Rptr. 2d 207, 213 (Cal. Ct. App. 2003). Accordingly, plaintiff's false advertising claim is DISMISSED.

### C. Fraud

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of Am., N.A.*, 42 Cal. Rptr. 3d 310, 317 (Cal Ct. App. 2006). Common law claims of fraud must be pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999) (citations omitted).

The Court finds that plaintiff has not pled the circumstances of the alleged fraud with sufficient particularity. Nearly all of the allegations in the FAC are far too general to meet the heightened Rule 9(b) standard. For example, plaintiff repeatedly refers to defendants' "nondisclosure" and "misrepresentations," yet fails to provide the Court with any examples of these allegedly fraudulent statements. The only elements of the complaint that are described with any particularity again derive from the phone conversation that plaintiff had with Mr. Raftery. Plaintiff was told that he could "likely" obtain a loan modification, and that the information on which that prediction was based was "pretty accurate." These statements do meet the "time, place, and content" requirement described in *Yourish*, but the accompanying explanation "as to why the statement or omission complained of was false or

8

1 misleading" is unconvincing. *Yourish*, 191 F.3d at 993 n.10. Plaintiff does not allege that he was told the $750 would ensure approval of the loan modification application, or that the fee was refundable if the result of the appraisal was not favorable. Hearing that a certain result is "likely" should not create the impression of a guarantee. Rather, that phrase should have informed plaintiff that there was at least some possibility that the loan modification would not be approved.

In addition, plaintiff does not provide the Court any information that would suggest that Mr. Raftery's statement about the likelihood of approval was even incorrect. Based on the information that was in front of Mr. Raftery, it is entirely possible that he did believe that approval was likely. The Department of Treasury report provided by plaintiff regarding the low overall rate of approval of loan modifications by JPMorgan does nothing to suggest that Mr. Raftery was aware of the statistics at the time. The report itself was not even released until "September 2009," approximately five months after the conversation between Plaintiff and Mr. Raftery. FAC ¶ 15. Even if Mr. Raftery had been aware that the overall rate of approval for JPMorgan loan modification applications was low, that fact alone does not suggest that his statements to Plaintiff were a misrepresentation. Therefore, because Plaintiff has not "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading," the court GRANTS defendants' motion to dismiss the allegations of fraud. *Yourish*, 191 F.3d at 993 n.10.

### D. Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must allege: (1) the defendant made a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed; and (5) damages. *B.L.M. v. Sabo & Deitsch*, 64 Cal. Rptr. 2d 335, 342 (Cal. Ct. App. 1997).

California law distinguishes between negligent misrepresentation, which is based on a statement of past or existing material fact, and fraud, which is based on an intentional false promise. *See* Cal. Civ.

9

Code §§ 1710(2), 1710(4). "To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. '[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.'" *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (Cal. Ct. App. 1991) (quoting 5 Witkin, Summary of California Law Torts, § 678 (9th ed. 1988)). The court in *Tarmann* explained that statements as to future action are promises and cannot be considered representations of past or existing fact. *Id.* Broken promises of future conduct are actionable only when the false promise is intentional, in which case the proper cause of action is fraud. *Id.* at 159. There is thus no cause of action in California for the so-called "negligent false promise," because such a promise meets neither the statement of material fact requirement for negligent misrepresentation, nor the intent to deceive requirement for fraud. *Id.*

Plaintiff argues that a cause of action for negligent misrepresentation applies to defendants based on phone statements that "specifically and expressly indicated to Class members that the up-front fees were necessary for the processing of the home loan modification." Plaintiff asserts that the fees were "unnecessary and would likely not result in loan modification," and implies that they were collected as payment for services that were not actually performed. The facts alleged in the FAC, however, suggest the opposite conclusion. According to plaintiff, he was informed that "it would be necessary to pay $750 to reimburse Defendants for the cost of an appraisal, title search, and the processing of paperwork." Nowhere in the FAC does plaintiff suggest that any of those tasks were not performed. In fact, the appraisal *was* performed, and no information is provided as to the title search or processing of paperwork. Because plaintiff does not allege any facts to support his claim of negligent misrepresentation, the charge is not "plausible on its face," and the motion to dismiss must be granted. *Ashcroft*, 129 S.Ct. at 1949.

### E. Breach of Implied Covenant of Good Faith and Fair Dealing

Under contract principles, "California law implies a covenant of good faith and fair dealing in every contract." *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989) (citation omitted).

10

"The implied covenant imposes certain obligations on contracting parties as a matter of law – specifically, that they will discharge their contractual obligations fairly and in good faith." *Id.* The implied covenant exists to supplement the express terms of the contract by protecting the plaintiff's right to receive the benefits of the contract. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 338 (Cal. Ct. App. 1992).

Defendant's motion attacks the good faith and fair dealing claim by questioning the very existence of a contract with Plaintiff. Even assuming, however, that the phone conversation between Plaintiff and Mr. Raftery created an oral contract, the motion to dismiss must be granted. Plaintiff claims that Defendants did not process the loan modification in good faith, because it "executed its duties under the contract in such a way as to substantially diminish the likelihood that Plaintiff and Class members would be approved for loan modifications." FAC ¶ 62. There are, however, absolutely no allegations in the FAC that would support the contention that Defendants were acting affirmatively to diminish the likelihood of approval.

Plaintiff then attempts to argue that the low nationwide approval of loan modifications in itself is sufficient to show that "Defendants were not processing applications in good faith." Opposition to Chase Bank, N.A.'s Motion to Dismiss, Docket #35 at 14. The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Gilead Scis., Inc.*, 536 F.3d at 1055. Using a single statistic, without any connection to plaintiff's individual experience, to justify a claim for a breach of the covenant of good faith and fair dealing does not constitute allegation of "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544. The claim must therefore be dismissed.

*///*

11

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant Chase & Co.'s 12(b)(1) motion to dismiss the First Amended Complaint for lack of standing, and GRANTS defendants Chase & Co. and Chase Bank N.A.'s 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. (Docket Nos. 29, 30). Plaintiff is granted leave to amend. Should plaintiff choose to file a second amended complaint, he must do so no later than **February 5, 2010**.

**IT IS SO ORDERED.**

Dated: January 20, 2010

SUSAN ILLSTON
United States District Judge